1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

| | |
|---|---|
| DANA JEANNE CAIRNS, | |
| Plaintiff, | Case No. C14-99-BJR-BAT |
| v. | **REPORT AND** |
| CAROLYN W. COLVIN, Commissioner of Social Security, | **RECOMMENDATION** |
| Defendant. | |

13    Plaintiff Dana Jeanne Cairns seeks judicial review of the Commissioner's denial of her

14 application for Supplemental Security Income.  Dkt. 1.  The Commissioner has filed a motion to

15 dismiss for lack of subject matter jurisdiction, failure to state a claim upon which relief may be

16 granted, and untimely filing of the complaint.  Dkt. 12.  Having reviewed the pleadings and the

17 record, the Court recommends that the motion be **GRANTED** and this case **DISMISSED** with

18 prejudice as untimely filed.  The Court further recommends that even if the motion to dismiss is

19 not granted, the case be **DISMISSED** without prejudice for failure to prosecute.

20                                        **BACKGROUND**

21    On April 17, 2012, the ALJ issued a decision finding Ms. Cairns not disabled.  Dkt. 12,

22 attach. 1 (Weigel decl.), ex. 1.  Ms. Cairns sought review, and on November 15, 2013, the

23 Appeals Council issued a decision denying review, making the ALJ's decision the

REPORT AND RECOMMENDATION - 1

1   Commissioner's final decision.  Weigel decl., ex. 2.  The Notice of Appeals Council action stated

2   that Ms. Cairns had 60 days to file a civil action seeking judicial review of the Commissioner's

3   decision.  *Id.*  It specified: "The 60 days start the day after you receive this letter.  We assume

4   you received this letter 5 days after the date on it unless you show us that you did not receive it

5   within the 5-day period."  *Id.*  The notice explained how to request an extension of the time to

6   file.  *Id.*  A copy of the notice was sent to Ms. Cairns at her home address and to counsel who

7   represented Ms. Cairns at the administrative level.  Weigel decl. at 3.  Ms. Cairns did not seek an

8   extension of the time to file.  *Id.*

9       On January 22, 2014, Ms. Cairns, proceeding pro se, filed a motion for leave to proceed

10  in forma pauperis and a complaint seeking judicial review with this Court.  Dkt. 1.  On January

11  24, 2014, the Court issued orders granting Ms. Cairn's IFP application and directing service.

12  Dkt. 2, 5.  On February 7, 2014, the copies of those orders mailed to Ms. Cairns by the clerk

13  were returned by the Postal Service marked "not deliverable as addressed."  Dkt. 8.

14      On March 31, 2014, the Commissioner filed the motion to dismiss.  Dkt. 12.  Ms. Cairns

15  did not file a response to the motion.

16                          **DISCUSSION**

17  **A.    Ms. Cairns filed her complaint more than 65 days after the notice**

18      A claimant may obtain judicial review of a final decision of the Social Security

19  Administration by commencing a civil action "within sixty days after the mailing to him of

20  notice" of the decision, or within any additional time the Commissioner allows. 42 U.S.C.

21  § 405(g).  There is a presumption that a claimant receives the notice 5 days after the date on the

22  notice, unless "there is a reasonable showing otherwise."  20 C.F.R. § 422.210(c).  This means

23  that a claimant normally has 65 days after the date on the Appeals Council notice to file a

1   complaint for judicial review.  The Appeals Council may extend the time for seeking judicial

2   review for good cause.  20 C.F.R. § 422(c).

3         In this case, the date on the Appeals Council notice was November 15, 2013.  Sixty-five

4   days after that date was January 19, 2014.  That date fell on a Sunday; the following Monday

5   was a legal holiday.  The time for filing thus continued to run until the next day that was not a

6   Saturday, Sunday, or legal holiday.  Federal Rule of Civil Procedure 6(a).  That means the date

7   for filing a complaint was January 21, 2014.  Ms. Cairns filed her complaint on January 22,

8   2014.  Ms. Cairns did not seek, and the Commissioner did not grant, an extension of the time to

9   file.  Ms. Cairns's complaint was therefore untimely under the 65-day rule.

10        **B.       The 5-day presumption has not been rebutted**

11        Ms. Cairns attached to her complaint a letter from her administrative counsel.  Dkt. 1,

12   attach 2.  This letter, which is dated November 22, 2013, 7 days after the date on the Appeals

13   Council notice, states: "Recently, I received notice from the Appeals Council informing us that

14   they have affirmed the judge's decision and again denied your request for benefits."  *Id.*  The

15   letter informs Ms. Cairns of the need to appeal within 60 days from the date of the notice.  *Id.*

16   The letter also states that, as counsel does not practice at the federal court level, she would take

17   no further action in the claim.  *Id.*  Across the top of the letter is a handwritten notation,

18   presumably made by Ms. Cairns in conjunction with this appeal, stating, "I did not receive this

19   letter until Nov. 27, 2013."  *Id.*

20        Social Security regulations provide: "A notice or request sent to your representative will

21   have the same force and effect as if it had been sent to you."  20 C.F.R. § 415.1515(b).  Counsel

22   did not withdraw until after she received the Appeals Council notice and was therefore still Ms.

23   Cairns's representative at the time she received the notice.  Counsel's receipt of the notice thus

REPORT AND RECOMMENDATION - 3

had the same effect as receipt by Ms. Cairns.  Counsel's statement, made 7 days after the date on the notice, that she received the notice "recently" does not show that she received it more than 5 days after the date on the notice.  Counsel's letter does not rebut the 5-day presumption.

Ms. Cairns's handwritten notation also fails to rebut the presumption.  Her statement that she did not receive counsel's letter until 12 days after the date on the notice does not change the effect of counsel's receipt of the notice.  In addition, the Appeals Council notice was also mailed directly to Ms. Cairns.  She has not shown that she did not receive the notice within 5 days of the date on the notice.  The letter and the handwritten notation, without more, do not make a reasonable showing that Ms. Cairns or her administrative counsel received the Appeals Council notice more than 5 days after the date on the notice.

### C.     Equitable tolling does not apply

The 60-day period is a statute of limitations subject to equitable tolling.  *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (citing *Bowen v. City of New York*, 476 U.S. 467, 477 (1986)).  Equitable tolling focuses on whether there was "excusable delay" by the plaintiff and "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  The court may apply equitable tolling where a plaintiff shows that she has been pursuing her rights diligently, but some extraordinary circumstance has stood in her way.  *Harris v. Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the absence of any argument or explanation from Ms. Cairns, the Court finds no evidence that some extraordinary circumstance stood in her way preventing her timely filing. Instead, as in other cases considered by this Court, the failure to timely file her complaint

REPORT AND RECOMMENDATION - 4

1   appears to have resulted from either mistake or simple neglect, neither of which warrants the

2   tolling of the statute of limitations.  *See, e.g.*, *Becinski v. Astrue*, C10-5289-RBL (W.D. Wash.

3   Sept. 21, 2010) (Dkts. 10 & 11); *Lawson v. Astrue,* C10-5102-JRC (W.D. Wash. June 24, 2010)

4   (Dkt. 9); *Johnson v. Astrue*, C09-5125-FDB (W.D. Wash. Mar. 29, 2010) (Dkts. 16 & 18).  The

5   Court therefore recommends that the Commissioner's motion to dismiss be granted and the case

6   dismissed with prejudice as untimely filed.

7           **D.      Local Civil Rule 41 provides a separate basis to dismiss this case**

8           Under Local Civil Rule 41, a pro se litigant must keep the court and opposing parties

9   advised as to her current mailing address.  LCR 41(b)(2).  If mail directed to a pro se party by the

10  clerk is returned by the Postal Service, and the party fails to notify the court and opposing parties

11  of her current mailing address within 60 days after its return, the court may dismiss the case

12  without prejudice for failure to prosecute.  *Id.*

13          Mail directed to Ms. Cairns by the clerk was returned to the court on February 7, 2014.

14  Dkt. 8.  More than 60 days have passed, and Ms. Cairns has not notified the court of her current

15  address or, indeed, made any additional filings in this case.  The Court therefore recommends

16  that even if the motion to dismiss is not granted, the case should be dismissed without prejudice

17  for failure to prosecute.

18                                     **CONCLUSION**

19          Ms. Cairns's complaint was untimely and no basis to apply equitable tolling has been

20  established.  Accordingly, the Court recommends that the Commissioner's motion to dismiss be

21  **GRANTED** and this case **DISMISSED** with prejudice as untimely filed.  The Court further

22  recommends that even if the motion to dismiss is not granted, the case should be **DISMISSED**

23  without prejudice for failure to prosecute.

REPORT AND RECOMMENDATION - 5

1    A proposed order accompanies this Report and Recommendation.  Objections, if any, to

2  this Report and Recommendation must be filed and served no later than **May 21, 2014**.  If Ms.

3  Cairns disagrees that the complaint was untimely, she should explain why in her objections.  Is

4  Ms. Cairns agrees that the complaint was untimely, but has a reason for the delay, she should

5  explain that reason in her objections.

6    If no objections are filed, the matter will be ready for the Court's consideration on **May**

7  **23, 2014**.  If objections are filed, any response is due within 14 days after being served with the

8  objections.  A party filing an objection must note the matter for the Court's consideration 14

9  days from the date the objection is filed and served.  Objections and responses shall not exceed

10  twelve pages.  The failure to timely object may affect the right to appeal.

11    DATED this 7th day of May, 2014.

12

13    BRIAN A. TSUCHIDA
     United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 6